# United States Court of Appeals
## For the First Circuit

_____

No. 24-1798

THOMAS A. MOURIER,

Plaintiff - Appellant,

v.

WILLIAM F. GALVIN, Secretary of the Commonwealth, in the official capacity; MASSACHUSETTS SECURITIES DIVISION; MASSACHUSETTS OFFICE OF CONSUMER AFFAIRS AND BUSINESS REGULATION,

Defendants - Appellees.
_____

Before

Barron, Chief Judge,
Kayatta and Gelpí, Circuit Judges.
_____

**JUDGMENT**

Entered: July 21, 2025

  Plaintiff-appellant Thomas A. Mourier appeals pro se from the district court's judgment dismissing his amended complaint for lack of Article III standing. See generally Fed. R. Civ. P. 12(b)(1) (dismissal for "lack of subject-matter jurisdiction"). Our review is de novo. See Lyman v. Baker, 954 F.3d 351, 359 (1st Cir. 2020).

  The district court concluded, among other things, that appellant had failed to allege an injury that was "fairly traceable" to the Massachusetts Crowdfunding Exemption ("MCE") at the center of his claims, 950 C.M.R. § 14.402(B)(13)(o), and that he therefore had failed to demonstrate the existence of Article III standing to pursue his challenges to the MCE. See Carney v. Adams, 592 U.S. 53, 58 (2020) (quoting Hollingsworth v. Perry, 570 U.S. 693, 704 (2013)).

  We have considered each of the arguments developed by appellant in briefing. Based on that review, we conclude affirmance is in order. As the district court correctly observed, the MCE only applies to "business entit[ies]" and so does not apply to appellant, an individual. 950 C.M.R. § 14.402(B)(13)(o)(1). Nor does the MCE apply to SeedFunder, Inc. ("SeedFunder"), an entity appellant claims to have incorporated as "a C Corporation in Delaware." Amended Compl. at ¶ 13. The MCE only applies to those business entities "[f]ormed under the laws of the Commonwealth"

of Massachusetts. 950 C.M.R. § 14.402(B)(13)(o)(1)(a). Per appellant's own allegations, SeedFunder is a Delaware corporation. And although appellant contends that the MCE nonetheless "directly harms SeedFunder's business operations" by "limiting the capital that can be raised by Massachusetts-based issuers," Blue Brief at 8-9, thereby "discourag[ing] Massachusetts[] issuers from engaging in intrastate crowdfunding, [and] shrinking the pool of businesses that could use SeedFunder's platform," Reply Brief at 5, appellant does not point to allegations in his complaint that support this conclusion. Indeed, at times, appellant's briefing suggests that SeedFunder is engaged solely in facilitating interstate securities offerings, Blue Brief at 5, which, the district court correctly observed, the challenged regulation would not reach, even when conducted by Massachusetts-based issuers, see 950 C.M.R. § 14.402(B)(13)(o); 15 U.S.C. § 77c(a)(11). In sum, because appellant failed to sufficiently allege any harm that actually was "fairly traceable" to the MCE, the district court was correct to conclude that he had not established Article III standing. Carney, 592 U.S. at 58 (quoting Hollingsworth, 570 U.S. at 704); see also R&D Master Enterprises, Inc. v. Fin. Oversight and Mgmt. Bd. for Puerto Rico, 74 F.4th 41, 47 (1st Cir. 2023) ("The party seeking relief from a federal court [] bears the burden, from the beginning-to-end of the lawsuit, to show [that party] has standing." (citing Virginia House of Delegates v. Bethune-Hill, 587 U.S. 658, 663 (2019))).

Further, contrary to arguments appellant offers before this court, the district court did not err in declining to decide the merits of his claims. Per precedent, "[w]ithout jurisdiction the court cannot proceed at all in any cause," and "[w]hen [jurisdiction] ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env., 523 U.S. 83, 94 (1998) (quoting Ex Parte McCardle, 7 Wall. 506, 504 (1898)).

For all of these reasons, the district court's standing-based dismissal is affirmed. See 1st Cir. R. 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Thomas A. Mourier
Arjun Kent Jaikumar